IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 96-60656
Summary Calendar
_____

LENZY HODGIN,

                                        Plaintiff-Appellant,

versus

S. CHRIS FARRIS et al.,

                                        Defendants-Appellees.

- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 2:95-CV-375P
- - - - - - - - - -
April 28, 1997

Before DAVIS, EMILIO M. GARZA and STEWART, Circuit Judges.

PER CURIAM:[*]

Proceeding <u>pro se</u> and <u>in forma pauperis</u> (IFP), Lenzy Louis Hodgin, Mississippi prisoner # 13978A, filed this civil rights action pursuant to 42 U.S.C. § 1983 against his trial attorney Chris Farris, District Attorney Glen White, and Sheriff of Forrest County, Mississippi, Billy McGee. The district court <u>sua sponte</u> dismissed Hodgin's complaint with prejudice as frivolous, and Hodgin moved this court to proceed IFP on appeal. Hodgin's IFP motion is hereby GRANTED. The Prison Reform Act (PLRA)

_____

   [*] Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

requires a prisoner appealing IFP in a civil action to pay the full amount of the filing fee, $105. As Hodgin does not have funds for immediate payment of this fee, he is assessed an initial partial filing fee of $3.83, in accordance with 28 U.S.C. § 1915(b)(1). Following payment of the initial partial filing fee, the remainder will be deducted from Hodgin's prison trust-fund account until the entire filing fee is paid. § 1915(b)(2).

IT IS ORDERED that Hodgin pay the appropriate filing fee to the clerk of the District Court for the Southern District of Mississippi. IT IS FURTHER ORDERED that the agency having custody of Hodgin's inmate account shall collect the remainder of the $105 filing fee and forward such amount for payment, in accordance with § 1915(b)(2), to the Clerk of the District Court for the Southern District of Mississippi each time the amount in his account exceeds $10, until the appellate filing fee is paid.

Hodgin raises several appellate contentions, all of which implicate the validity of his state-court conviction. Hodgin may not pursue his claims in an action under 42 U.S.C. § 1983 until his conviction has been invalidated or called into question by a grant of a writ of habeas corpus. Heck v. Humphrey, 512 U.S. 477, 489 (1994). Hodgin's appeal is frivolous and, therefore is DISMISSED. 5th Cir. R. 42.2.

Because his appeal is frivolous, we caution Hodgin that any additional frivolous appeals filed by him or on his behalf will invite the imposition of sanctions. To avoid sanctions, Hodgin

is further cautioned to review all pending appeals to ensure that they do not raise arguments that are frivolous.

MOTION GRANTED; FEE ASSESSED; APPEAL DISMISSED; SANCTION WARNING ISSUED.